UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

SURAL (BARBADOS) LTD.,

       Petitioner,

vs.

THE GOVERNMENT OF THE REPUBLIC OF
TRINIDAD AND TOBAGO THROUGH ITS
MINISTER OF FINANCE AS CORPORATION
SOLE,

       Respondent.
_____/

### PETITION/APPLICATION TO SET ASIDE, IN PART, AND CONFIRM, IN PART, THE ARBITRATION AWARD AND MOTION FOR EXTENSION OF TIME TO FILE FORMAL MOTION AND MEMORANDUM OF LAW

    1. Petitioner, Sural (Barbados) Ltd. ("Sural"), brings this Petition/Application to Set Aside, in Part, and Confirm, in Part, the Arbitration Award (the "Petition") against Respondent, the Government of The Republic of Trinidad and Tobago (the "Government"). The Award was made by the International Court of Arbitration of the International Chamber of Commerce (the "ICC") on June 12, 2015 and received by Sural on June 15, 2015 (the "Award") and was effective on that date. An earlier award covering the same subject matter and dated April 30, 2015 was received by Sural on May 11, 2015. The earlier award was withdrawn by the ICC due to a printing and formatting error and has no force or effect. This Petition/Application is filed within 90 days of the withdrawn award to avoid any argument by the Government that Sural did not timely seek relief. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. has no

application to the Petition/Application to set aside the withdrawn award or the Award. Nevertheless, Sural intends to file a detailed motion with supporting papers to set aside and confirm the Award within 90 days of June 15, 2015. While legally unnecessary, Sural requests that the Court extend its time to file any formal motion with supporting memorandum of law to September 15, 2015.

2. The Award was made by the ICC in *Sural (Barbados) Ltd. v. The Government of the Republic of Trinidad and Tobago through its Minister of Finance as Corporation Sole*. The Award consists of the letter of transmittal and Final Award (attached hereto as Exhibit "A") and the Ruling on Respondent's Application for Security for Costs (attached hereto as Exhibit "B") (the "Ruling"). The Ruling was "incorporated verbatim" and "annexed to" the Award in paragraph 206 of the Award.[1]

3. The Award resolved numerous issues in Sural's favor. Accordingly, Sural moves to confirm the Award concerning the Tribunal's determinations: (a) that Miami was the place and arbitral seat of the arbitration, (b) that the Tribunal had jurisdiction over the parties and the subject matter, (c) that Sural fulfilled all conditions precedent to requesting arbitration, (d) that the Government was not entitled to security for costs, had deliberately contracted with a special purpose entity without assets beyond its equity in the project in arbitration, and had rejected an offer by Sural to obtain guarantees of any cost award from its parent and a related entity; and (e) that the Government's counterclaim be dismissed.

4. The Award also denied Sural's claim for damages exceeding US $56 million plus interest and costs. Sural petitions to set aside this portion of the Award. The business dealings between the Government and Brazilian industrial conglomerate Votorantim Metais, Ltd.

---

[1] The Petition refers to the letter of transmittal, the Award, and the Ruling collectively as the "Award."

("Votorantim") were key parts of the case. The Tribunal refused to issue a subpoena for the final hearing testimony of Marco Palmieri, the Votorantim executive in charge of and most familiar with those business dealings, and the only witness within the subpoena power of the Tribunal having knowledge of these dealings. And on two occasions, the Tribunal refused Sural access to critical communications between the Government and Votorantim bearing on the same issues. At the same time, Sural was required to produce at significant effort and expense the same types of documents between it and Votorantim that were in Sural's possession. In essence, the Tribunal resolved the primary factual issue in the case ignorant of these critical facts and contrary to its legal duty under governing Florida law to treat the parties equally and to allow Sural the right to gather and put forth important evidence.

5. This Petition seeks an order confirming the separate and severable portions of the Award described above under Florida Statutes § 684.0001 *et seq.*, the Florida International Commercial Arbitration Act ("FICAA") and the New York Convention for the Recognition and Enforcement of Arbitral Awards governed by the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) (the "New York Convention"). This Petition seeks an order under 28 U.S.C. § 1608 setting aside the Award in part as described above pursuant to Florida Statutes § 684.0001 *et seq.* and any other law that the Court might deem applicable.

6. The United States District Court for the Southern District of Florida has jurisdiction over the Government to determine the motion to set aside the Award in part pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.* The Award was entered pursuant to the dispute resolution provisions of the Unanimous Shareholders' Agreement (the "Shareholders' Agreement") (attached hereto as Exhibit "C"). In Section 25 of the Shareholders' Agreement, the Government waived sovereign immunity concerning claims

arising from the commercial transactions described in the Shareholders' Agreement. 28 U.S.C. § 1605(a)(1) grants this Court jurisdiction over claims against foreign countries that have waived sovereign immunity under these circumstances.

7. This Court has jurisdiction over the Government to confirm the Award in part under 28 U.S.C. § 1605(a)(6)(A) which grants United States federal courts jurisdiction to confirm arbitral awards for arbitrations that take place in the United States and involve foreign states.

8. Venue is proper in this judicial district because Miami, Florida was the place and legal seat of the arbitration as a matter of fact and law. The Tribunal ruled that Miami, Florida was the place and legal seat of the arbitration in paragraph 206 of the Award and paragraph 25 of the Ruling

9. The Petition is being filed and served on July 29, 2015, within three months of the issuance and Sural's receipt of both the withdrawn award and the final Award. The Petition is therefore timely submitted pursuant to Florida Statutes § 684.0046(3), the New York Convention, and any other potentially applicable law.

WHEREFORE, Sural petitions this Court to confirm the Award in part and set aside the Award in part on the grounds set forth above and in its forthcoming motion to set aside, in part, and confirm, in part, the arbitration award, its costs, and for such other and further relief as the Court deems appropriate.

5

Dated: July 29, 2015                          Respectfully submitted,

                                                        HOLLAND & KNIGHT LLP

By:  /s/ James D. Wing
      James D. Wing
      Florida Bar No. 195537
      james.wing@hklaw.com
      Michael E. Hantman
      Florida Bar No. 0502790
      michael.hantman@hklaw.com
      701 Brickell Avenue, Suite 3300
      Miami, FL 33131
      Telephone: (305) 374-8500
      Facsimile: (305) 789-7799

      *Attorneys for Petitioner Sural (Barbados) Ltd.*